### ADELAIDE, The, (CHADWICK v.)

[See Chadwick v. The Adelaide, Case No. 2,571.]

### ADELAIDE, The, (GREEN v.)

[See Green v. The Adelaide, Case No. 5,752.]

## Case No. 78.

### The ADELE.

[1 Ben. 309.][1]

District Court, S. D. New York.  Aug., 1867.

PRACTICE—PRIORITIES—STATE LIENS.

1. Where several libels were filed against a ship by material men, and the vessel was sold, and application was made to the court to decree payment out of the proceeds, the last libel filed being to enforce a lien given by the law of the state of New York: *Held*, that the court had no jurisdiction to enforce the state lien.

2. The other decrees should be paid in the order in which the libels were filed, each decree being paid with its costs until the fund was exhausted.

[Cited in The Arcturus, 18 Fed. Rep. 744, and in The Lady Boone, 21 Fed. Rep. 733.]

In admiralty. Several libels were filed by material men claiming liens against the ship Adele. The vessel was sold without opposition, and the proceeds paid into court, and the several libellants, having had the reports of the commissioner as to their several amounts confirmed by the court, applied to the court to decree payment out of the funds. The libel last filed was by Charles Wall and others for supplies, but they claimed a priority in payment over all the others. [Libel dismissed.]

SHIPMAN, District Judge. Decrees in favor of the material men, on their several libels, according to the amounts found due on confirmation of the commissioner's reports in the several cases, are to be entered and satisfied, out of the funds in the registry of the court arising out of the sale of the ship, in the order in which the libels were filed. The amount of each decree, together with the costs, in the above named order, is first to be paid, until the fund is exhausted. The claim of priority set up by the libellants, Charles Wall and others, is disallowed. The libel in this latter case seeks to enforce the lien given by the local

---

[1][Reported by Hon. William Cranch, Chief Judge.]

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

law of the state of New York, and not to enforce the lien given by the general maritime law. Since the alteration of the twelfth rule of the supreme court of the United States, these local liens cannot be enforced by proceedings in rem in this court, although the language of the rule, as modified, refers only to domestic ships. The object of that court in the alteration was to relieve the courts of the United States from the "necessity of examining and expounding the varying lien laws of the state, and of carrying them into execution." The St. Lawrence, 1 Black, [66 U. S.] 530. This libel avers no lien, except that under the state law, but expressly avers that the libellants filed specifications and items of the articles furnished in the county clerk's office in the county of New York, under the state law, and that the claim thereby became a lien. As I understand the law, the process in rem cannot be used in this court for the enforcement of such a local lien, and, therefore, this court is without jurisdiction. Let a decree be entered, dismissing this case of Charles Wall and others, without costs.