## Case No. 7,620.

### The KATE HINCHMAN.

[6 Biss. 367;[1] 7 Chi. Leg. News, 387.]

District Court, N. D. Illinois. July 24, 1875.[2]

DISTRIBUTION OF PROCEEDS ON SALE OF VESSEL.

Where a vessel has been sold under a libel for wages and the proceeds paid into the registry, they should be distributed as follows: (1) The libel for wages and costs thereof. (2) A regular and duly recorded mortgage. (3) The clerk's, marshal's, and proctor's fees in the various petitions filed, limiting proctors' fees where they have filed more petitions than necessary. (4) The balance pro rata among material and supply men, they being at the home port. These have not, since the Lottawanna Case, 20 Wall. [87 U. S.] 201, 21 Wall. [88 U. S.] 558, a prior lien, even though so stated in the state statutes.

[Cited in The Alice Getty, Case No. 193; The Theodore Perry, Id. 13,879; Baldwin v. The Bradish Johnson, Id. 798; The Illinois, Id. 7,005; The E. A. Barnard, 2 Fed. 722; The Josephine Spangler, 9 Fed. 775; The J. W. Tucker, 20 Fed. 131; The Lady Boone, 21 Fed. 733; The J. E. Rumbell, 148 U. S. 4, 13 Sup. Ct. 502.]

In admiralty.

Rae & Mitchell, for material-men.

John C. Richberg, for mortgagee.

BLODGETT, District Judge. The schooner Kate Hinchman was libeled in this court for wages, and sold under a decree taken in the case, the proceeds being paid into the registry. After the filing of the first libel, several persons who held or claimed liens of various classes against the schooner, came in and filed claims against the proceeds in court. Some time since an order was made that the clerk of the court estimate and report the amount of money in court, the amount of the various decrees, and what they were respectively rendered for, in order that a distribution of the proceeds might be made among the parties entitled thereto.

The clerk has made his report, and from it it appears that a portion of the demands are bills for towing, others are bills for supplies and provisions furnished to the schooner while engaged in trade. Others are for repairs and materials, others for materials and supplies, and one, that of Martin Bedsell, is a claim based upon a mortgage for $1,648.75 with interest thereon for four years and upwards. This mortgage has been duly recorded, and is in all respects regular upon its face as a lien on the vessel.

The question arising upon the case is as to the manner in which these various claimants shall participate in the fund now in court. It is claimed on the part of the parties who have furnished material and supplies, and shown by the record, that they were furnished under the statutes of the state giving them a lien on the vessel for supplies. It is claimed on the part of the mortgagee that he is entitled to payment in full before the other parties are paid.

After examination of the whole facts in the case, I have come to the conclusion that this fund in court should be distributed in the following manner: The first libel which was filed, and upon which the vessel was sold, was for wages. By stipulation between all parties interested the wages have been paid, but the costs have not been paid. I think the first application of this fund should be to the payment of the costs of the libel for wages. Secondly, I think the mortgagee must be paid in full, and, thirdly, the clerk's, marshal's and proctor's fees in the various petitions which have been filed, should be paid out of the remaining proceeds, limiting the fees of [Mr. Richberg as proctor to $100, as I think he has][3] brought an unnecessary number of separate petitions. [The amount in which his fees are reduced is $40.][3] I do not think proctors are justified in filing an unnecessary number of petitions or libels where the same items can be filed jointly or consolidated. The tendency on the part of proctors, if the fees claimed are allowed in full, will be to consume the entire fund in costs, instead of allowing it to go to extinguish the indebtedness. [The only fear I have about it is, that I have not been quite severe enough, but I have cut down this bill sufficiently to be an admonition to him and other counsel in future.][3] The balance of the proceeds will be decreed to be divided pro rata among the remaining claimants. I see no difference in the rank or priority of the other various claimants. Some are for provisions, some for materials, etc., and I see no reason why one should occupy any advantage over the others, and I think that they should share pro rata.

This case was argued quite elaborately by counsel, as a test case to determine what course to pursue in the matter of liens for supplies furnished in the home port. I do not see that this court has any discretion in deciding on that question, since the decision of the United States supreme court in the Lottawanna Case, 20 Wall. [87 U. S.] 201, 21 Wall. [88 U. S.] 558. It seems to me that whatever doubt might have been felt in regard to the lien of parties furnishing supplies in the home port is now put at rest, and that hereafter we must administer the admiralty law with the understanding that claims for repairs and supplies furnished in the home port are not a lien on the vessel, as against maritime mortgage liens, notwithstanding a lien is given by the state statutes. The mortgagee's lien in this case is superior to all others after the costs in the wages case as was held by my learned predecessor Judge Drummond in The Grace Greenwood [Case No. 5,652], [and has been acted upon in this court ever since. His ruling was also recognized by the supreme court of the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 7,621.]

[3] [From 7 Chi. Leg. News, 387.]

United States in The Gray Eagle [9 Wall. (76 U. S.) 505], and we shall continue to observe the ruling laid down in the case of The Grace Greenwood.] [3]

The decree will be entered accordingly.