## THE JOSEPHINE SPANGLER.

*(District Court, S. D. Mississippi.    January, 1881.)*

1. **MARITIME LIENS—MORTGAGES—PRIORITY.**
    Maritime liens have priority over mortgages.
2. **LIENS UNDER STATE LAWS—SAME—SAME.**
    As between a lien by force of a state statute for materials and supplies furnished a vessel in the home port, and a mortgage lien, the lien that attaches first has priority.
3. **LIENS.**
    One who advances money to the officers of a boat, with which to purchase a commodity to be shipped by the boat to him, has no lien on it for the amount of money so advanced, although the officers fail to make the purchase or refund the money.
4. **SAME—LEASE OF THE BAR OF A VESSEL — SALE OF THE VESSEL WITHIN THE TERM.**
    Where rent is paid in advance for the lease of the bar of a vessel and its privileges, and the vessel is sold before the term expires, the lessee has no lien on the vessel for a sum of money equal to the rent paid for the unexpired part of the term.

In Admiralty.

*A. N. Lea,* for the mortgage creditors.

*Pittman & Smith,* for the lienholders.

HILL, D. J. The vessel having been sold, the questions presented in this cause arise upon the claims and priority of the different libellants and intervenors. Most of the claims being strictly maritime liens, and the costs having been adjusted and paid, need not be further considered. The claim of Quackenmeyer is for money advanced to the owners with which to enable them to pay in part the purchase money for the vessel, under an agreement that for the sum of $500 so advanced said Quackenmeyer was to have the use of the bar on the boat in which to sell liquors and other commodities usually kept and sold in such bars, and was, further, to have his passage and board on the vessel for 12 months thereafter. Four months after this contract was entered into the vessel was seized under process in this case. It is claimed that for the unexpired term, being eight months, the intervenor is entitled to have paid him out of the funds in the registry of the court, arising from the proceeds of the sale of the vessel, the sum of $333.33$\frac{1}{3}$, being two-thirds of the whole sum so paid, and that said sum is a lien upon said fund. This contract was a lease of the bar and its privileges for one year, paid in advance, and nothing more; it was not necessary for the running of the boat or the accommodation of its passengers.

The claimant became the owner for the time of that amount of space on the vessel in which to carry on his avocation, out of which he expected to make money. His passage on the vessel, and his board upon it, were incidents to the contract. He cannot be considered as a passenger on the vessel, and entitled to any superior rights than the owners or master; indeed, he was for the time a limited owner of the space occupied by him. The money advanced by him was applied to payment for the boat itself, and not for the purchase of supplies, or any other purpose necessary for the repairs or running of the vessel, so that he does not occupy the position of a material or supply man. If he has any remedy, it is upon the implied warranty of the owners that the privilege would continue for the time stipulated. If any such warranty can be inferred, certainly it created no lien upon the vessel or the proceeds, which stand in the place of the vessel, consequently this claim must be disallowed.

The claim of the Yazoo Oil Mills is for money advanced to the officers of the boat with which to purchase cotton seed, to be shipped to the oil mills. The seed was not purchased, or the money advanced refunded. Had the seed been purchased and placed on the boat, it would have become bound for the delivery, and liable for a failure to do so; but, until that was done, the officers of the boat who

received the money were the personal agents of the company, and their failure to perform the agreement was only personal, and did not bind the boat. Therefore the claim must be disallowed.

The claim of Spangler under his mortgage for the balance of the purchase money is not disputed, nor are the claims for supplies and materials, claimed as liens under the state law, disputed; the question between them is one of priority only, upon which the rulings made by the circuit and district courts of the United States do not all agree.

It was held by this court, in the case of *The Emma*, that the maritime liens have a priority over mortgages. I am satisfied that this is correct, and sustained by authority. But such liens must be strictly maritime. Materials and supplies furnished at the home port are only liens by force of the state statutes, and therefore do not stand on the same footing with maritime liens. So that their priority depends upon whether they attach before or after the mortgage lien commenced. This position is sustained by Judge Drummond, (*The Grace Greenwood*, 2 Biss. 131,) which was followed by Judge Blodgett in the case of *The Kate Hinchman*, 6 Biss. 367, and again by Judge Woods in the case of *The John T. Moore*, 3 Woods, 61. The mortgage in this case was duly recorded in the office of the collector of customs of the home port prior to the existence of any of the liens so claimed. *The Bradish Johnson*, Id. 582.

The result is that the balance due Spangler upon his two notes for $750 each, with interest thereon, must first be paid out of the funds in the registry of the court, and the balance, if any, distributed *pro rata* among the claims for materials and supplies.