## The Lady Boone.

*(District Court, E. D. Arkansas. October 4, 1884.)*

MARITIME DEBTS—FIRST ATTACHMENT GIVES NO PREFERENCE.

By the maritime law the creditor first filing a libel and arresting the vessel does not thereby acquire the right to have his debt paid in full to the exclusion of other creditors whose debts are of the same rank and equal merit, and who intervene and prove their debts before or at the time a final decree in the suit first brought is rendered.

In Admiralty.

*G. W. Shinn,* for libelant.

*W. L. Husbands,* for intervenors.

CALDWELL, J. On the fourth day of April, 1884, Wishon Brothers filed a libel *in rem* against the steam-boat Lady Boone, for materials and supplies, upon which a warrant of arrest was issued, and the vessel seized by the marshal and the usual monition given. No claimant appeared, and on the day appointed for trial the default of all persons was entered. At the same time, and before any decree was rendered in the cause, Watson and others appeared and filed intervening petitions, claiming liens for materials and supplies. Libelant and the intervening petitioners proved up their claims, and a decree was entered in which the sums due the libelant and the several intervenors were ascertained, and the vessel ordered to be sold and the proceeds paid into the registry for distribution. The proceeds of the sale are not sufficient to pay in full the several sums decreed to the libelant and intervenors. Wishon Brothers move the court to direct the payment of their claim in full out of the proceeds of the sale of the vessel in the registry, to the exclusion of the claims of the intervenors, upon the ground that priority in bringing suit gives them priority of right to payment; that having filed the libel on which the vessel was seized and held until she was sold, they are entitled to be paid in full before anything is paid on the claims of those who subsequently intervened.

The claims of the libelant and of the intervening petitioners are

for materials and supplies furnished on the credit of the vessel, not in her home port, and hold the same rank of privilege, and constitute liens on the vessel by the maritime law. There is some conflict of opinion among the courts as to the proper rule of distribution on the facts of this case. It is undoubtedly true that at law the first lien acquired, either by contract or by operation of law, has precedence. Even equality in judgment liens does not avail against the maxim that the law favors the diligent creditor; and when several judgments are rendered at the same time which are equal liens on the judgment debtor's property, the judgment creditor who first takes the property in execution acquires the right to appropriate it to the satisfaction of his judgment, to the exclusion of other judgment creditors. Freem. Judgm. § 374; Freem. Ex'ns, § 203. But neither the legal maxim that the law favors the diligent, nor the equity maxim that equality is equity, furnishes the rule by which courts of admiralty determine the priorities of creditors. The maritime law proceeds on principles of its own to determine the precedence of creditors. By that law all creditors do not hold the same rank of privilege. Generally, seaman's wages hold the first rank, a bottomry bond next, and the claims of material-men next. Claims in each rank are paid in full in the order of the rank to which they belong, to the exclusion of those of a lower rank; and if the fund applicable to the payment of claims in any rank is insufficient to pay all the claims in that rank, they will be paid *pro rata.* The last bottomry bond has preference over all former ones, and sometimes the oldest claim for materials and supplies is postponed for that of a later date. But in the case at bar the materials and supplies were furnished by the several claimants about the same time, and there is no ground for giving one a preference over the other, unless the libelant acquired a preference by commencing suit first.

The great weight of authority supports the view that when the proceeds of a vessel are not sufficient to pay all the debts of a given rank, the creditor first filing a libel and arresting the vessel does not thereby acquire the right to have his debt paid in full, to the exclusion of other creditors, whose debts are of the same rank and equal merit, and who intervene and prove their debts before or at the time a final decree in the suit first brought is rendered.

In 2 Pars. Shipp. & Adm. it is said: "If the different demands are of the same nature, priority in beginning the suit will not give priority in payment if the other demands are brought to the attention of the court before a decree in the first suit brought is rendered." The rule that a creditor who institutes the first suit does not thereby acquire priority of right to payment over other creditors of the same class who have been guilty of no laches, is supported by the following cases: *The Paragon,* 1 Ware, 330; *The America,* 16 Law Rep. 264; *The Fanny,* 2 Low. 508; *The E. A. Barnard,* 2 FED. REP. 712; *The City of Tawas,* 3 FED. REP. 170; *The J. W. Tucker,* 20 FED.

Rep. 129; *The Superior,* 1 Newb. Adm. 186. And to the same general effect: *The Æolian,* 1 Bond, 267, 270; *The Fort Wayne,* Id. 476, 490; *The Kate Hinchman,* 6 Biss. 367; *The Phebe,* 1 Ware, 360.

In support of his motion the libelant relies on Ben. Adm. (2d. Ed.) § 560, where it is said: "In claims of the same rank, the one first commencing his proceedings is preferred in the distribution. The party first seizing holds the property against all other claims of no higher character." And we are referred to *The Globe,* 2 Blatchf. 427, note; *The Adele,* 1 Ben. 309; *Woodworth* v. *Ins. Co.* 5 Wall. 87. The last case cited stands on grounds of its own, and has no application to the case at bar.

By the maritime law the creditors of the same rank have an equal lien or privilege on the vessel. An eager and grasping creditor ought not to have it in his power to destroy this equality of privilege, and obtain a preference, by the mere act of instituting the first suit to enforce the lien. Such a rule would be unjust to the other creditors, prejudicial to the owners of vessels, and injurious to the interests of commerce. It would tend to hasten and foster litigation, and would introduce into the maritime law that unseemly struggle between creditors themselves produced by the rule of law which gives the preference to the creditor first attaching. We know the rule at law giving the preference to the first attachment, in its practical operation, is often oppressive on debtors and unjust to creditors. For these reasons it has been abolished in a good many states, and the first attachment made to perform the office, in some measure, of a proceeding in insolvency or bankruptcy, for the equal benefit of all the creditors proving their debts within a limited time.

The tendency of legislation and the courts is towards the adoption of rules to prevent preferences. But the injurious consequences of rewarding the most exacting creditor with a preference would, for obvious reasons, be much greater in admiralty than they are at law.

Let an order be entered directing a *pro rata* distribution of the fund.